IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                :

JORGE ORTIZ ROMANY & JG-24,    :     CASE NO. 04-03074(SEK)
INC.,

    DEBTOR               :      CHAPTER 7

-------------------------------

## OPINION AND ORDER

Before the Court are two applications for payment of attorneys' fees filed by Anita Hill and Roxana Badillo Rodríguez (the "Applicants"), for services performed in an appeal taken from the opinion by the U.S. District Court for the District of Puerto Rico against the Debtor and others, captioned *United States of America v. JG-24, Inc. et al.*, Civil No. 00-1483 (RLA), ("*United States v. JG-24*"). We hold these applications in abeyance awaiting response to the order that follows.

### Background



Jorge Ortiz Romany, the Debtor ("Romany"), voluntarily filed for bankruptcy relief under Chapter 11, and remained a debtor in possession until the case was converted to Chapter 7 on March 18, 2005. Five days after the conversion, Romany filed an Application to employ Applicants as his special counsel to prosecute the mentioned appeal.

The Chapter 7 Trustee objected to the Application, as he did not wish to employ them now that the case was converted to Chapter 7, and opposed payment of these fees from estate funds. He also sought to

2

recover their retainers claiming these were paid from estate funds without prior court authorization.  By footnote order of March 30th , we found request for Applications for appointment moot, due to the conversion to Chapter 7.  On that same date, Ms. Hill requested relief, narrating events that led Romany to engage her services, and events which occurred after she was informed of this bankruptcy case. She produced evidence showing delivery of her retainer to the Trustee, without foregoing her rights to file a fee application.   The application was filed on March 31, 2005, and briefed on June 8th.

Ms. Badillo Rodríguez followed a similar path. She filed her application on June 2nd , and briefed it on June 18th.

The Trustee objects to paying these fees from estate funds because he never employed the Applicants pursuant to 11 U.S.C. § 327(e), eventually abandoned the appeal[1], and argues that *In re Jarvis*[2] is not applicable to the factual setting of these contested matters.

These applications were heard and held in abeyance awaiting the outcome of Debtor's request for voluntary dismissal that was recently denied.

Ms. Hill states she was retained by Debtor on October 1, 2005, to handle the appeal in the case of *United States v. JG-24*, ordering Debtor to pay a four million dollar judgment to the United States Environmental Agency for some environmental clean up costs.  After



---

[1]   On December 2, 2005, the Trustee abandoned the appeal on advice of his Special Counsel.

[2]   *In re Jarvis*, 53 F.3d 416 (!st Cir. 1995).

3

filing the Notice of Appeal on October 19th, she met with her client and an expert chemist to draft a "Request for Information" pending in the District Court. It was not until February 22, 2005, that she and co counsel Badillo met with Debtor's bankruptcy counsel to draft and execute their applications. For unknown reasons, the motion was not filed until March 30th. Ms. Hill argues that she was unfamiliar with bankruptcy law and Rules and until now, had never appeared before this Court. Further, she states Debtor did not inform her he was under the protection of this Court when he hired her. She learned of Debtor's bankruptcy case some time in February, 2005, months after rendering her services. It was not until March 28th , upon the receipt of the letter signed by the Trustee, that she learned her application had not been approved. She does not acknowledge any procedural fault on her part, pointing to Debtor's lack of candor and his bankruptcy Counsel's indolence as the cause of her predicament. She argues that most of the services performed were jurisdictional in nature, to preserve Romany's rights to appeal; that she proceeded in good faith, and performed the services in the best interest of Romany. Hence, in equity her appointment should be approved *nunc pro tunc*, and her services remunerated.

Ms. Badillo Rodríguez states Romany was aware of her previous professional work experience as an Assistant Solicitor General for Puerto Rico Department of Justice. She had also represented Romany during the investigation conducted by EPA that led to the filing of the case of *United States v. JG-24*. She explains that she was familiar with the issues at stake. Apparently there was a standing

4

order issued by the U.S. District Court which requires a response and since she was not admitted to practice in that Court, she suggestedBa hiring Ms. Hill as co-counsel. Like co counsel Hill, Ms. Badillo Rodríguez states Debtor did not inform them he was under the protection of this court. She became aware of this case in bankruptcy when reading the transcripts of the trial. Both Counsel asked for a meeting with Romany's bankruptcy attorney, and during the same signed the declarations attached to the application that was to be filed immediately.

Thereafter, there was a period of uncertainty with respect to their applications, but ongoing duties with respect to the appeal. Both Counsel continued to fulfill obligations concerning the appeal, until the Debtor filed a motion regarding its status of the appeal. Thereafter, Applicants were no longer able to communicate with their client and Ms. Hill informed she would resign as his counsel in the appeals court.

### Discussion

We agree with the Trustee that *In re Jarvis* is not applicable to the peculiar facts before us. However, we note that until the Trustee was in a position to ponder and decide which action to take in terms of the pending appeal, Applicants engaged in professional services required to preserve the appeal. Under the equitable doctrine of *quantum meruit* it would seem that these fees should be allowed. However, we are troubled by apparent duplicity of services rendered by Counsel and the sharing of the fees.

WHEREFORE, we hereby order Applicants to indicate whether there

was any sharing of fees and delete any duplicate entries in their applications (dkt.#s 120 & 191).  Responses to this order shall be referred to my chambers with a copy of this order and dkt.#s 120 & 191 forthwith.

SO ORDERED, IN San Juan, P.R. this 17th day of May 2006.

SARA DE JESUS
U.S. Bankruptcy Judge